UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY BRADFORD BULLOCK, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16CV936 RLW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Larry Bradford Bullock's ("Bullock") Motion to Correct Sentence under 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF No. 1). Upon thorough consideration of the motion and related memoranda, the Court will deny Bullock's motion.

## Procedural Background

On January 9, 2004, Bullock pleaded guilty to nine counts of a ten-count Superseding Indictment, which included eight counts of malicious damage of a building by fire and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Because he had three or more prior convictions for a violent felony, Bullock qualified for sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The district court sentenced Bullock to 188 months' imprisonment and 3 years' supervised release. The district judge adopted the presentence investigation report ("PSR") issued by the United States Probation Office which stated that Bullock had been convicted of 18 counts of Housebreaking and 10 counts of Burglary in the State of Georgia, qualifying Bullock as an armed career criminal. However, on June 26, 2015 the United States Supreme Court held that the residual clause of the

Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2105).

Pursuant to the *Johnson* decision, Bullock filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on June 22, 2016. Bullock argues that his prior convictions no longer qualify as ACCA "violent felonies" because they do not meet the generic definition of burglary. Therefore, Bullock contends that he does not have the three necessary predicate convictions to qualify him as an armed career criminal. Bullock seeks a reduced sentence as a result. The government responds that Bullock's convictions meet the generic definition of an enumerated burglary under 18 U.S.C. § 924(e) and thus he is not entitled to relief under *Johnson*. In addition, the United States Probation Office prepared a "Resentencing Report" which recommends that Bullock remain an armed career criminal based on his conviction of ten counts of burglary.

## Discussion

To prevail on a § 2255 motion involving a conviction under the ACCA, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." *Hardman v. United States*, 149 F. Supp. 3d 1144, 1148 (W.D. Mo. 2016) (citation omitted). "ACCA prescribes a 15–year mandatory minimum sentence if a defendant is convicted of being a felon in possession of a firearm following three prior convictions for a 'violent felony.'" *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (citing 18 U.S.C. § 924(e)(1)). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is

2

burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B).

"The italicized language is the "residual clause" invalidated by *Johnson*, in a rule that applies retroactively to cases on collateral review." *Arender v. United States*, No. 1:15-CV-00153-AGF, 2017 WL 1209371, at *2 (E.D. Mo. Apr. 3, 2017) (quoting *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016)). However, the remaining clauses, including subsection (i) and the four enumerated offenses in subsection (ii), are still in effect. *Johnson*, 135 S. Ct. at 2563 ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. . . . Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Specifically, "[t]he ACCA defines the term violent felony to include any state or federal felony that 'is burglary.'" *United States v. Lamb*, 847 F.3d 928, 930–31 (8th Cir. 2017), *cert. denied*, No. 17-5152, 2018 WL 1568069 (U.S. Apr. 2, 2018)). With respect to burglary, the United States Supreme Court held, "Congress meant a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into ... a building or other structure, with intent to commit a crime.'" *Mathis*, 136 S. Ct. at 2248 (quoting *Taylor v. United States*, 495 U.S. 575, 599 (1990)). Courts apply a categorical approach to determine whether a prior conviction is for generic burglary. *Id.* This approach requires courts to "focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Id.* "A crime counts as 'burglary' under the Act if its *elements* are the same as, or narrower than, those of the generic offense." *Id.* However, where the convicted crime "covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—

3

even if the defendant's actual conduct (*i.e.,* the facts of the crime) fits within the generic offense's boundaries." *Id.*

Because many state burglary statutes list their elements in the alternative to define multiple crimes, courts must first determine whether the statute is divisible and, if so, apply a "modified categorical approach" to determine "which of the alternatives was the basis for the conviction." *United States v. McArthur*, 850 F.3d 925, 937-38 (8th Cir. 2017). This modified categorical approach "'permits [federal] sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction.'" *Lamb*, 847 F.3d at 931 (8th Cir. 2017) (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)). However, where the statute is overinclusive and not divisible, "no prior conviction under that statute qualifies for the ACCA mandatory minimum sentence enhancement." *Id.*

When faced with a statute phrased in the alternative, courts must first "'determine whether its listed items are elements or means.'" *Id.* (quoting *Mathis*, 136 S. Ct. at 2256). "Elements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." *Mathis*, 136 S. Ct. at 2248 (internal quotations omitted). Means, on the other hand, refer to "[h]ow a given defendant actually perpetrated the crime." *Id.* at 2251. A statute that lists alternative elements is divisible. *Lamb*, 847 F.3d at 931. However, "if a statute merely lists 'various factual means' of committing a single offense, then the statute is considered 'indivisible,' and that indivisible set of elements will be the basis of the defendant's conviction. *United States v. Gundy*, 842 F.3d 1156, 1162 (11th Cir. 2016) (quoting *Mathis*, 136 S. Ct. at 2249). Further, "if that indivisible statute 'sweeps more broadly than the generic crime,

4

a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form.'" *Id.* (quoting *Descamps*, 570 U.S. at 261).

In the present case, Bullock was convicted of ten counts of burglary under Georgia law. The Georgia burglary statute in 1995 when Bullock was convicted provides:

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

Ga. Code Ann. § 16-7-1. "Section 16-7-1 criminalizes the following conduct: (1) entry into a dwelling house, a building, or other structures (2) 'without authority,' and (3) with 'intent to commit a felony or theft therein.'" *United States v. Gundy*, 842 F.3d 1156, 1165 (11th Cir. 2016) (quoting Ga. Code Ann. § 16-7-1) In *Gundy*, the Eleventh Circuit Court of Appeals held that the burglary statute "criminalizes conduct that would satisfy all the elements of a generic burglary" but also "criminalized conduct broader than the ACCA's generic definition of burglary" because it "encompassed not only unlawful entry into buildings or other structures, but also into vehicles, railroad cars, watercraft, or aircraft." *Id.* In analyzing the burglary statute, the *Gundy* court determined that "the Georgia burglary statute, that creates the crime of burglary, uses alternative locational <u>elements</u>." *Id.* at 1166 (emphasis in original). Thus, the *Gundy* court concluded that "alternative locational elements in the Georgia statute are divisible." *Id.* at 1168.

Here, Bullock contends that the Eleventh Circuit's decision in *Gundy* is incorrect. Bullock submits that the type of structure is not an element of the burglary offense, but the statute lists alternate means of satisfying an element, thus making the statute indivisible. Bullock further argues that the statute is overbroad and does not qualify as a generic burglary for purposes of his ACCA sentence. The government asserts, however, that the decision in *Gundy* applies to Bullock's case and that the elements conform to the generic definition of burglary.

The Court agrees with the Eleventh Circuit's decision in *Gundy* affirming the United States District Court for the Southern District of Georgia and interpreting the Georgia burglary statute.[1] In finding the burglary statute enumerated divisible elements, the *Gundy* court stated, "[t]hat the Georgia prosecutor must select and identify the locational element of the place burgled—whether the place burgled was a dwelling, building, railroad car, vehicle, or watercraft—is the hallmark of a divisible statute." *Gundy*, 842 F.3d at 1167. "The fact that under Georgia law the indictment must charge the type of place or location with such specificity further demonstrates that § 16-7-1's statutory listing of alternative locations for committing a burglary constitutes an enumeration of alternative elements." *Id.* at 1168.

Because the statute is divisible, the Court applies the modified categorical approach to determine "which of the alternative elements in Georgia's burglary statute formed the basis of [Bullock's] prior burglary convictions and whether those elements match the generic definition of burglary." *Id.* The Final Resentencing Report states that, according to court records Bullock "unlawfully, without authority and with the intent to commit a theft therein, enter[ed] a building." (Resentencing Report in 4:03CR00198 RLW ¶ 137, ECF No. 52) The ten burglary convictions charged the type of place and the address of each location. (*Id.*) These burgled locations were buildings housing a business, which constitute generic burglaries under Georgia law. *Gundy*, 842 F.3d at 1169. Thus, the Court finds that Bullock's Georgia burglary convictions involved "(1) an unlawful entry (2) into a dwelling house or building (3) with intent to commit a crime therein" and "[t]hese elements substantially conform to the generic definition

---

[1] Bullock urges the Court to instead rely on an unpublished case from the Western District of New York which interpreted the Georgia burglary statute and concluded that the statute is indivisible and does not qualify as a violent felony under the ACCA. *Williams v. United States*, No. 1:16-cv-00030-MAT, 2016 U.S. Dist. LEXIS 125964, at *19 (W.D.N.Y. Apr. 18, 2016). Aside from the case originating in a district court outside the Eleventh Circuit, which includes Georgia, *Williams* was decided prior to the Eleventh Circuit's decision in *Gundy*.

of burglary." *Id.* Therefore, the Court finds that Bullock's more than three prior Georgia burglary convictions qualify as violent felonies under the enumerated crimes clause of the ACCA, 18 U.S.C. § 924(e), such that he remains an armed career criminal and is not entitled to relief under *Johnson*. Thus, the Court will deny Bullock's § 2255 motion.

Accordingly,

**IT IS HEREBY ORDERED** that Larry Bradford Bullock's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (ECF No. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall docket a copy of this Memorandum and Order in Bullock's Criminal Case No. 4:03CV198 RLW. A separate judgment in accordance with this Memorandum and Order is entered on this same date.

Dated this 6th day of April, 2018.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**